IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR JAMALADDIN and ZAYNA JAMALADDIN, **Plaintiffs,** v. SANTANDER CONSUMER USA, INC. **Defendant.** | CIVIL ACTION NO. 25-1811 |

### MEMORANDUM OPINION

Plaintiffs Omar and Zayna Jamaladdin, who are proceeding *pro se*, bring the above-captioned action in which they seek a declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendant Santander Consumer USA, Inc. cannot enforce a retail sales installment contract that it was assigned for the financing of a used car bought by Plaintiffs. They also raise several claims under Pennsylvania law.

Defendant now moves to dismiss Plaintiffs' Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, this action shall be dismissed for lack of subject-matter jurisdiction.

### I.   BACKGROUND[1]

In December 2023, Plaintiffs purchased a used 2018 Ford Fusion Hybrid from a dealership in Norristown. To finance that purchase, they entered into a retail installment sales contract (the "Contract") with the dealership, which provided, in relevant part, that Plaintiffs shall make forty-eight (48) monthly payments in the amount of $522.63 starting in February 2024.[2] The dealership subsequently assigned the Contract to Defendant.

---

[1] The following factual recitation is taken from Plaintiffs' Third Amended Complaint, well-pleaded allegations from which are taken as true at this stage. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

[2] Although Plaintiffs did not attach the Contract to the Third Amended Complaint, they did so in several other filings that appear in the record of the case. *See, e.g.*, ECF No. 1-7 at 11. On a motion to dismiss, district courts

After learning of the assignment, Plaintiffs came to "believe that the original instrument ha[d] been sold, transferred, or securitized" without receiving "proper debt validation"—actions which, in their view, "sever[ed] Defendant's standing to enforce the obligation or maintain any lien or related debt collection/liability from the vehicle title." In an effort to bolster that hunch, Plaintiffs contacted Defendant on multiple occasions and requested: (1) the "original, wet-ink signed promissory note or retail installment contract"; (2) "[p]roof of standing, a complete chain of assignment"; (3) "[f]ull accounting and audit trail of the loan and payment history"; and, (4) "[d]isclosure of any securitization, sale, or assignment affecting Defendant's rights." But Plaintiffs maintain that Defendant "has failed or refused to produce" any information responsive to their requests while nonetheless continuing to "assert a lien, inaccurately report the account to consumer credit reporting agencies, and claim ownership of the vehicle title or alleged liability."

## II.    LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

may consider "documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the complaint, items subject to judicial notice, matters of public record, orders, *and items appearing in the record of the case*." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (emphasis added); *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (explaining that, at the pleading stage, consideration may be given to "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents"). The Third Circuit has explained that "[t]he rationale underlying this [rule] is that the primary problem raised by looking to documents outside the complaint [is] lack of notice to the plaintiff," and that such a problem "is dissipated where the plaintiff has actual notice and has relied upon these documents in framing the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Accordingly, because the purported obligations created by the Contract are "integral" to the claims raised by Plaintiffs in the Third Amended Complaint, and that document already "appear[s] in the record of the case," the Court will consider it at this stage. *Buck*, 452 F.3d at 260.

misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. When analyzing a motion to dismiss, the complaint must be construed "in the light most favorable to the plaintiff," with the question being "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (citation omitted). Legal conclusions are disregarded, well-pleaded facts are taken as true, and a determination is made as to whether those facts state a "plausible claim for relief." *Id*. at 210-11 (citation omitted).

As Plaintiffs are proceeding *pro se*, their allegations must be construed liberally at this stage. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The "relevant legal principle" therefore will be applied "even when the complaint has failed to name it." *Id*. "Missing details or superfluous material" similarly do not render a *pro se* complaint "unintelligible." *Garrett v. Wexford Health*, 938 F.3d 69, 93-94 (3d Cir. 2019). Indeed, even if it is "vague, repetitious, or contains extraneous information," a *pro se* complaint's language will ordinarily be "plain" in satisfaction of Rule 8 "if it presents cognizable legal claims to which a defendant can respond on the merits." *Id*. (citations omitted).

### III.    DISCUSSION

#### A.    Declaratory Judgment

Plaintiffs first seek a declaration pursuant to the Declaratory Judgment Act, *see* 28 U.S.C. § 2201, that: (1) "Defendant lacks standing to enforce the Contract or claim lien rights"; (2) "Defendant cannot lawfully report, collect, or retain title without establishing valid proof"; and, (3) the obligation created by the Contract is "void or unenforceable until properly validated." Defendant argues that this claim should be dismissed because Plaintiffs have, in its view, "manufactured a controversy regarding their contractual obligations, where none exists, and have

not set forth a good faith basis for any purported uncertainty."

As a threshold matter, the Court must first determine whether it has jurisdiction to entertain Plaintiffs' claims. Although Defendant does not raise subject-matter jurisdiction as a basis for dismissal in its Motion to Dismiss, federal courts, as courts of "limited jurisdiction," *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005), have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Hartig Drug Co. Inc. v. Senju Pharm. Co*., 836 F.3d 261, 267 (3d Cir. 2016) (citation omitted). So, in other words, jurisdictional issues "may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Subject-matter jurisdiction exists over two types of cases: federal question cases and diversity cases. *See Exxon Mobil Corp*., 545 U.S. at 552. Here, Plaintiffs allege that their claim invokes federal question jurisdiction pursuant to 28 U.S.C. §1331 due to the "federal statutory claims raised under the Fair Debt Collection Practices Act . . . and the Fair Credit Reporting Act." Not so. Even when generously construing the Third Amended Complaint, Plaintiffs do not bring a claim under either statute, as their sole federal cause of action is for a declaratory judgment. And it is well-settled that the Declaratory Judgment Act does not "provide an independent basis for subject-matter jurisdiction; it merely defines a remedy." *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017); *see also Skelly Oil Co. v. Phillips Petroleum Co*., 339 U.S. 667, 671 (1950) ("Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction."); *Ne. Dep't ILGWU Health & Welfare Fund v. Teamsters Loc. Union No. 229 Welfare Fund*, 764 F.2d 147, 158 (3d Cir. 1985) ("Congress did not intend the

Federal Declaratory Judgment Act, 28 U.S.C. § 2201, to extend the jurisdiction of the federal courts."). This means that "[e]very case brought under the Act still must fall within federal jurisdiction and present a justiciable issue." *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 351 (3d Cir. 1986); *see also Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (explaining that the Declaratory Judgment Act "does not itself create an independent basis for federal jurisdiction but instead provides a remedy for controversies otherwise properly within the court's subject matter jurisdiction").

Thus, in the absence of any other live federal claims for legal relief that could provide an independent basis for federal jurisdiction, *cf. Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 227-30 (3d Cir. 2017), Plaintiffs' declaratory judgment claim shall be dismissed without prejudice for lack of subject-matter jurisdiction.[3] *See Temple Univ. Hosp., Inc. v. Sec'y United States Dep't of Health & Hum. Servs.*, 2 F.4th 121, 133 (3d Cir. 2021) (dismissing claim for lack of subject-matter jurisdiction because, among other reasons, Plaintiffs failed to invoke federal-question jurisdiction and the "Declaratory Judgment Act does not independently grant subject-matter jurisdiction"); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999) (explaining that dismissals for lack of subject-matter jurisdiction shall be made without prejudice).

### B. State Law Claims

Plaintiffs also raise claims under Pennsylvania law for quiet title, release of lien, and unjust enrichment. Pursuant to 28 U.S.C. § 1367, district courts shall exercise supplemental jurisdiction over such pendant claims "that are so related to claims in the action within such

---

[3] In the Third Amended Complaint, Plaintiffs do not attempt to invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which requires complete diversity between the parties and an amount-in-controversy that exceeds the sum of $75,000. Nor could they, as the dispute, at its core, pertains to Defendant's ability to collect approximately $20,000 in car payments from Plaintiffs under the Contract.

5

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." But that statute also provides that district courts "may decline to exercise supplemental jurisdiction over a [state law] claim if . . . the district court has dismissed all claims over which it has original jurisdiction." *Id.* Moreover, the Third Circuit has determined that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (citing *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)) (emphasis added).

Here, Plaintiffs only bring one claim that could conceivably fall within the Court's original jurisdiction, a request for declaratory relief, which claim shall be dismissed for lack of subject-matter jurisdiction for the reasons explained above. And none of the parties identify anything unique or exceptional about this case such that "the considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification" for exercising supplemental jurisdiction over Plaintiff's state law claims. *Id.* Accordingly, the Court exercises its discretion to "decline . . . supplemental jurisdiction" over Plaintiff's state law claims, *see* 28 U.S.C. § 1367(c)(3); *Hedges*, 204 F.3d at 123, and shall dismiss them without prejudice to Plaintiffs' right to raise them in state court.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' declaratory judgment claim shall be dismissed without prejudice for lack of subject-matter jurisdiction. And in the absence of any live federal claims, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over their state law claims for quiet title, release of lien, and unjust enrichment, claims which shall also be dismissed without prejudice.

An appropriate order follows.

                                        **BY THE COURT:**

                                        **S/ WENDY BEETLESTONE**

                                        **WENDY BEETLESTONE, J.**